IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Akiem Barber and Marcel Barber,<br><br>PLAINTIFFS,<br><br>v.<br><br>Rushmore Loan Management Services, LLC, and EMC Mortgage, LLC,<br><br>DEFENDANTS. | Case No. 3:17-982-TLW<br><br>**Order** |

Plaintiffs Akiem and Marcel Barber, proceeding *pro se,* filed this action against Defendants Rushmore Loan Management Services, LLC ("Rushmore") and EMC Mortgage, LLC ("EMC") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the South Carolina Consumer Protection Code ("SCCPC") as well as claims of fraud and misrepresentation. ECF No. 1. The matter now comes before the Court for review of a Report and Recommendation (R&R) filed on February 21, 2018, by Magistrate Judge Hodges, to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 38. In the R&R, the magistrate judge recommends summary judgment in favor of Defendants because Defendants are not "debt collectors" under the FDCPA, the SCCPC does not apply, and Plaintiffs' state-law tort claims fail as a matter of law. *Id.* Plaintiff filed objections to the R&R on March 15, 2018. ECF No. 40. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

1

> final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. As an initial matter, the Court notes that Plaintiffs do not object to the portions of the magistrate judge's R&R concerning Defendant Rushmore or the SCCPC claims against both Defendants. Accordingly, the R&R is accepted without objection for these claims.

Plaintiffs do object, however, to those portions of the R&R addressing the claims against EMC. Plaintiffs continue to assert that EMC was a "debt collector" under the FDCPA because EMC did not own and was not entitled to enforce the note and mortgage as a result of improper indorsements and transfers. Moreover, Plaintiffs assert that EMC was a "debt collector" under the FDCPA even if EMC did own the note and mortgage because the debt was in default when EMC acquired it. Therefore, Plaintiffs assert that the FDCPA applies to EMC and that EMC fraudulently misrepresented its ownership of and ability to enforce the note.

Despite Plaintiffs' assertions to the contrary, EMC was entitled to enforce the note and mortgage at the time it sought to do so. As the magistrate judge recommended and Defendants point out, a note indorsed in blank may be enforced by the possessor of the note. *See, e.g., Scheider v. Deutsche Bank Nat. Tr. Co.*, 572 F. App'x 185, 190 (4th Cir. 2014) (citing S.C. Code § 36-3-205(a)) (a note with a blank indoresment "may be enforced by whoever possesses it" under South Carolina law). Plaintiffs' assertions that the chain of title contained improprieties and that an

2

assignment of a mortgage does not assign a note are immaterial. On these facts, there is no dispute that EMC held a note indorsed in blank at the time EMC sought to enforce the note and mortgage. Accordingly, EMC was entitled to enforce the note and mortgage under South Carolina law.

Furthermore, Plaintiffs' FDCPA claim against EMC fails because EMC owned and could enforce the note and mortgage. The FDCPA only applies to a "debt collector," which is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6); *see generally*, *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131 (4th Cir. 2016) (company collecting loans owed to it was not a "debt collector" even though the company purchased the loans after the loans were in default). Moreover, an owner collecting debts on its own behalf is not a "debt collector" even if it acquired the debt after the debt was in default. *See Henson*, 817 F.3d at 134–35. As discussed above, EMC was the holder of the note when it sought to enforce its note and mortgage. Therefore, it owned the debt it was attempting to enforce. Even assuming, as Plaintiffs allege, that the debt was in default when EMC acquired it, EMC was not a "debt collector" under the FDCPA. Accordingly, summary judgment is appropriate for Plaintiffs' FDCPA claim.

Additionally, Plaintiffs' fraud and misrepresentation claims fail for similar reasons. Plaintiffs assert EMC misrepresented that it was entitled to enforce its note and mortgage; however, EMC was entitled to enforce its debt as discussed above. Therefore, EMC's alleged misrepresentations were neither misrepresentations nor fraudulent. Accordingly, there is no factual basis for Plaintiffs' fraud and misrepresentation claims, and summary judgment is appropriate for these claims as well.

After careful review of the R&R and the objections, for the reasons stated by the magistrate

judge and the reasons set forth in this opinion, Plaintiff's objections are **OVERRULED,** the R&R is **ACCEPTED**, and Defendants' motion for summary judgment is hereby **GRANTED**.

    **IT IS SO ORDERED**.

                                                                                                    *s/Terry L. Wooten*
                                                                                                   Terry L. Wooten
                                                                                                   Chief United States District Judge

September 18, 2018
Columbia, South Carolina